UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CIGNA CORPORATION, | ) |
|     Plaintiff, | ) |
| v. | ) No. 4:23-CV-93 RLW |
| AMY BRICKER, et al. | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Renewed Joint Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 36) filed by Defendants Amy Bricker ("Ms. Bricker") and CVS Health Corporation ("CVS Health").  (ECF No. 36).  The case is set for a hearing on Plaintiff Cigna Corporation's Motion for Temporary Restraining Order (ECF No. 4) on Wednesday, February 15, 2023.  Prior to the hearing, the Court must determine whether it has subject matter jurisdiction over this dispute.  Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]"). As such, the Court addresses Defendants' motion without waiting for Plaintiff's response.  Defendants' motion will be denied for the following reasons.

In its Amended Complaint, Plaintiff Cigna Corporation ("Cigna") alleges this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action includes claims arising under the laws of the United States, specifically the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1831, et seq. (Count III), and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030, et seq. (Count V).  Defendants move the Court to dismiss this suit for lack of subject matter jurisdiction.  Defendants argue in their motion to dismiss that Cigna has failed to adequately allege and cannot prove its claims under the DTSA and CFAA and, therefore, the Court

does not have federal question jurisdiction under 28 U.S.C. § 1331 and should decline to exercise supplemental jurisdiction over Cigna's state law claims under 28 U.S.C. § 1367.

The Court has an independent obligation to determine the existence of subject matter jurisdiction. Hertz Corp., 559 U.S. at 94. The Court has reviewed the Amended Complaint and determines it is apparent from the face of the pleading that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between all plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. See 28 U.S.C. § 1332(a); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). A complaint must also allege that the amount in controversy exceeds $75,000. Id., see also Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994).

The Amended Complaint alleges that Plaintiff Cigna is a Delaware corporation with its principal place of business in Connecticut. (ECF No. 28 at 2, ¶ 1). Ms. Bricker is alleged to be a citizen of Missouri, and CVS Health is alleged to be a Rhode Island corporation with its principal place of business in Rhode Island. (Id. at 2-3, ¶¶ 2-3). Based on these allegations, there is complete diversity of citizenship in this case. See 28 U.S.C. § 1332(a), OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."); Sanders, 823 F.2d at 216. The Complaint also alleges the requisite amount in controversy, as Cigna alleges damages that are well over $75,000. (ECF No. 28 at 22, ¶ 91).

Although Cigna has expressly pleaded the existence of subject matter jurisdiction based only on 28 U.S.C. § 1331, the Court takes notice of the existence of diversity jurisdiction over this

2

dispute based on the allegations in the Amended Complaint.  5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1206 (4th ed. 2022) ("the district court may sustain jurisdiction when an examination of the entire complaint reveals a proper basis for assuming subject matter jurisdiction other than one that has been improperly asserted by the pleader").  See also Reich v. Tiller Helicopter Services, Inc., 8 F.3d 1018 (5th Cir. 1993) (finding jurisdiction where not properly alleged); Baylis v. Marriott Corp., 843 F.2d 658, 665 (2d Cir. 1988) (reversing dismissal for lack subject matter jurisdiction and remanding because diversity jurisdiction may exist based on facts alleged in the complaint), Raus v. Bhd. Ry. Carmen of U.S. & Canada, 663 F.2d 791, 796 (8th Cir. 1981) ("where a basis for federal court jurisdiction appears clearly from an examination of the face of the complaint, the court may sustain the suit even if the plaintiff has not relied upon that basis").

Because the Court concludes it has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, it will deny Defendants' motion to dismiss for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** Defendants Amy Bricker and CVS Health Corporation's Renewed Joint Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED**.  (ECF No. 36).

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to Exceed Page Limitation is **DENIED as moot**. (ECF No. 37)

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   8th    day of February, 2023.