UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CIGNA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:23-CV-93 RLW |
| | ) |
| AMY BRICKER, et al. | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Cigna Corporation's ("Cigna" or "Plaintiff") Motion for Leave to File a Third Amended Complaint. (ECF No. 43). Defendants Amy Bricker ("Ms. Bricker") and CVS Health Corporation ("CVS Health") oppose the motion. The motion is fully briefed and ripe for review. For the reasons that follow, Cigna's motion for leave to file a Third Amended Complaint is granted.

*Background*

This matter involves an employment dispute between Cigna and Ms. Bricker. Cigna seeks to enforce a non-competition agreement and to enjoin Ms. Bricker from working for a different health service conglomerate. Cigna filed a motion for a Temporary Restraining Order ("TRO") against Ms. Bricker and CVS Health (collectively, "Defendants"). Plaintiff's motion for a TRO is set for hearing on February 15, 2023.

Cigna filed its original complaint against Ms. Bricker and CVS Health on February 26, 2023. In the original Complaint, Cigna alleged this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because the action includes claims arising under the laws of the United States, specifically the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030, et seq. On January 31, 2023, in response to the Complaint, Defendants filed a Joint Rule 12(b)(1)

Motion to Dismiss for Lack of Subject Matter Jurisdiction in which they argued that Cigna failed to adequately allege and could not prove its claim under the CFAA and, therefore, the Court did not have federal question jurisdiction under 28 U.S.C. § 1331.

On February 2, 2023, Cigna filed an Amended Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) and added a claim under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1831, et seq.  Cigna continued to allege in its Amended Complaint that the Court's sole basis for subject matter jurisdiction was under 28 U.S.C. § 1331.  On February 7, 2023, Defendants renewed their Joint Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, arguing Cigna failed to adequately allege and could not prove either of its two federal claims. (ECF No. 36).

On February 8, 2023, the Court denied Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (ECF No. 41).  The Court ruled that it need not decide whether it has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because it was apparent from the face of the Amended Complaint that diversity jurisdiction existed under 28 U.S.C. § 1332.  The facts alleged indicated was complete diversity of citizenship between Cigna and each of the Defendants, and the Amended Complaint also alleged the requisite amount in controversy.[1]  Hours after the Court issued its February 8, 2023 Memorandum and Order, Cigna filed a Second Amended Complaint, without leave of Court or written consent of the Defendants, in which it alleged that CVS Health was not a Rhode Island corporation, as was alleged in its Amended Complaint, but it is in fact a Delaware corporation and, therefore, diversity jurisdiction did not exist.  The Second Amended

---

[1]Plaintiff Cigna is a Delaware corporation with its principal place of business in Connecticut. (ECF No. 28 at 2, ¶ 1).  In the Amended Complaint, Ms. Bricker was alleged to be a citizen of Missouri, and CVS Health was alleged to be a Rhode Island corporation with its principal place of business in Rhode Island.  (Id. at 2-3, ¶¶ 2-3).

2

Complaint continued to allege there was federal question jurisdiction over the dispute pursuant to 28 U.S.C. § 1331.

Cigna now moves that it be allowed leave to file yet another amended complaint. In support of its motion, Cigna asserts that it only recently learned Ms. Bricker has not accepted employment with CVS Health, but that she is going to work for CVS Pharmacy, Inc. ("CVS Pharmacy"). Cigna seeks to substitute CVS Pharmacy for CVS Health as the corporate defendant. In support of its motion for leave to amend, Cigna attaches the declaration of its attorney, Randall Thompson, as well as its proposed Third Amended Complaint.

Cigna's proposed Third Amended Complaint appears to be substantially similar to Cigna's Amended Complaint and Second Amended Complaint, with the exception that Cigna seeks to substitute CVS Pharmacy in place of CVS Health. In addition, Cigna alleges in its proposed Third Amended Complaint that the Court also has diversity jurisdiction over this dispute pursuant to § 1332, because CVS Pharmacy Inc., is a Rhode Island corporation with its principal place of business in Rhode Island and, therefore, there is diversity of citizenship as well as the requisite amount in controversy. As in prior complaints, Cigna alleges in its proposed Third Amended Complaint that the Court has federal question jurisdiction under § 1331.

*Discussion*

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. Rule 15(a) provides in pertinent part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

3

Fed. R. Civ. P. 15(a).

Unless there is a good reason for denial, "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." Thompson–El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182, (1962)).

Defendants oppose Cigna's motion for leave to amend on a number of grounds. Defendants first argue that in light of the pending TRO hearing, the Court should apply the good-cause standard found in Federal Rule of Civil Procedure 16(b) and not the more liberal "when justice so requires" standard of Rule 15(a). Rule 16(b) provides that scheduling orders limit the time for amending pleadings, and that a schedule established by such an order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). Defendants provide no authority in support of their argument that the Court should employ Rule 16(b)'s "good cause" standard when evaluating Plaintiff's motion. The Court has not entered a Rule 16 scheduling order in this case and no deadline to amend pleadings has been set, let alone expired. Rule 16 does not apply to Cigna's motion for leave to amend, and the Court will evaluate the motion under the standard set forth in Rule 15(a).

Defendants further oppose Cigna's motion on the basis that its proposed Third Amended Complaint does not set forth the proper parties to this dispute, and the amendment would be futile. Defendants argue that the proposed Third Amended Complaint does not allege sufficient facts to demonstrate that the real parties in interest are all before the Court and that the Court has jurisdiction over this dispute under 28 U.S.C. § 1332.

Notably, Defendants do not object to substituting CVS Pharmacy for CVS Health. In other words, they do not argue that Cigna is mistaken and Ms. Bricker will not be working for CVS Pharmacy. Instead, Defendants object to Cigna as the plaintiff in this case. Defendants argue that

4

Cigna is not the "owner" of any allegedly misappropriated trade secrets, but rather the "owner" of any trade secrets allegedly known by Ms. Bricker is Express Scripts, Inc. (ECF No. 47 at 2). Therefore, Defendants argue, Cigna lacks standing to assert a misappropriation claim. Defendants also argue that Cigna was not Ms. Bricker's employer. Defendants point to the fact that the entity named as Ms. Bricker's employer in successive years of W-2 forms through 2022 is an entity named Express Scripts Strategic Development, Inc.

Defendants' futility argument is without merit and does not address substituting CVS Pharmacy for CVS Health. Further, the crux of Cigna's suit is a claim is breach of contract. Cigna seeks to enforce a non-competition agreement against Ms. Bricker. Cigna alleges Ms. Bricker breached Cigna's Confidentiality, Non-Competition and Non-Solicitation Agreement and various stock agreements for grants of Cigna's stock, copies of which were attached to the Complaint and subsequent amendments, including the proposed Third Amended Complaint. The Court has reviewed the contracts, and the signatories to the contracts are Amy Bricker and Cigna. Defendants' argument that Cigna should be precluded from filing its proposed Third Amended Complaint does not offer a valid basis to deny leave to amend.

Finally, Defendants argue Cigna unduly delayed in seeking amendment. In his declaration, attorney Randall Thompson states that he sought leave to file Cigna's Third Amended Complaint to substitute CVS Pharmacy for CVS Health on the same day he confirmed that prior representations as to Ms. Bricker's new employer were inaccurate, and that Ms. Bricker was going to work for CVS Pharmacy. The Court finds there is no evidence of undue delay in Cigna moving to substitute CVS Pharmacy for CVS Health as a defendant in this suit.

In sum, under the standard found in Rule 15(a), the Court will allow Cigna to file its Third Amended Complaint. There is no evidence Cigna is moving to amend in bad faith or with dilatory motive. Furthermore, the amendment would not be futile, as it appears Ms. Bricker is going to

work for CVS Health, not CVS Pharmacy.  Moreover, Defendants have failed to show they will suffer any undue prejudice as a result of the amendment.

Finally, the substitution of CVS Pharmacy for CVS Health does impact a pending motion in this suit.  Cigna's motion for TRO is directed at both Ms. Bricker and CVS Health.  As CVS Health is no longer a party to this dispute under the operative complaint, Cigna's motion for a TRO against CVS Health is now moot.  The Court denies as moot Cigna's motion for TRO against CVS Health, however the motion remains pending as to Ms. Bricker.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Cigna Corporation's Motion for Leave to File a Third Amend Complaint is **GRANTED**.  The Clerk of the Court shall detach and docket the Third Amended Complaint, which was submitted as an attachment to the Motion for Leave, and shall terminate Defendant CVS Health Corporation as a defendant in this case.  [Doc. 43]

**IT IS FURTHER ORDERED** that Plaintiff Cigna Corporation's Motion for a Temporary Restraining Order and Preliminary Injunction is **DENIED as moot** as against CVS Health Corporation only.  Plaintiff Cigna Corporation's Motion for a Temporary Restraining Order and Preliminary Injunction remains pending as to Defendant Amy Bricker.  [ECF No. 4]

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   13th    day of February, 2023.