UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CIGNA CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>AMY BRICKER and CVS PHARMACY, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:23-cv-00093-RLW |

**[PROPOSED] CONFIDENTIALITY STIPULATION AND ORDER**

Whereas during the pendency of the above-captioned action (the "Action"), Plaintiff Cigna Corporation and Defendants Amy Bricker and CVS Pharmacy, Inc. (individually, a "Party" and collectively, the "Parties") will provide testimony and produce certain documents, things, and information that constitute or contain confidential information, the Parties hereby stipulate and jointly request that the Court order as follows:

1. Scope of Confidentiality Order: This Confidentiality Order shall apply to all testimony given and all documents, testimony, electronic data, or other information, including the substance and content thereof, produced or otherwise disclosed by any Party, witness, or non-party during this Action that is designated as Confidential Information or Attorneys' Eyes Only Information pursuant to the terms of this Confidentiality Order, including all copies, excerpts, or summaries thereof. As used herein, "Producing Party" shall refer to any Party, non-party, or witness (hereinafter, "Person") who produces or discloses Protected Material during the Action, and "Receiving Party" shall refer to any Person other than the Producing Party, pursuant to this Confidentiality Order.

2. Confidential Information. "Confidential Information" as used herein shall include (a) confidential, personal, business, or financial information; (b) a trade secret, proprietary, or other confidential research, development, financial, or commercial information; or (c) any information in the custody, possession, or control of a Party, the disclosure of which, absent this Confidentiality Order, could constitute a violation of any third party's right of privacy or otherwise violate an obligation of confidentiality that such Party owes to a third party, including, but not limited to, non-party employment and compensation information. "Confidential Information" may be in any form, including but not limited to documents, responses to written discovery requests, and/or deposition testimony. "Confidential Information" shall not include material publicly disclosed by or at the direction of the Party asserting that such information is confidential, or any other information which is in the public domain or otherwise is readily available from third parties. All information, documents and things marked or designated "Confidential Information" by the Producing Party shall be used solely for the purposes of this Action.

3. Attorneys' Eyes Only Information. "Attorneys' Eyes Only Information" as used herein shall include any files, documents, deposition testimony, and/or information that a Person in good faith believes is of a commercially sensitive nature. Examples of documents or other information that are properly classifiable as "Attorneys' Eyes Only" include, but are not necessarily limited to, trade secrets or other such proprietary materials, financial information, marketing information, strategic business information, and other sensitive internal information regarding strategy and analysis. All information, documents and things marked or designated "Attorneys' Eyes Only" by the Producing Party shall be used solely for the purposes of this Action.

4. Designation of Documents. Any documents, information, or other tangible materials designated as Confidential Information or Attorneys' Eyes Only Information shall be so

designated by stamping the first page of the document or materials with "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or otherwise designating it on the media or storage device accompanying the production (*e.g.,* CD, DVD, or hard drive) at the time of their production. Each Party expressly undertakes to maintain in confidence all Confidential Information and Attorneys' Eyes Only Information, and will make no use of such information except as expressly permitted by this Confidentiality Order. No Confidential Information or Attorneys' Eyes Only Information shall be distributed or disclosed except as set forth below, or used for any commercial, competitive, business, or other purpose other than for the purposes of this Action. All Confidential Information and Attorneys' Eyes Only Information produced or obtained shall be maintained carefully so as to preclude access by persons who are not entitled to receive such information.

5. Designation of Transcripts. In the case of deposition transcripts or transcripts of hearings or trial, designation of a specific portion of the transcript (excluding exhibits) that contain Confidential Information or Attorneys' Eyes Only Information shall be made by either (i) a statement to that effect by counsel, on the record in the course of the deposition, hearing or trial or (ii) letter sent within three business days of the receipt of the final transcript or copy thereof. All deposition transcripts (excluding exhibits) shall be treated as containing Attorneys' Eyes Only Information under this Confidentiality Order until three business days after the transcript of the deposition has been received by the Person whose testimony or materials are involved. In the event that any question is asked at the hearing, trial, or deposition which a Person asserts calls for the disclosure of Confidential Information or Attorneys' Eyes Only Information, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law.

6. Objections to Confidentiality Designation. If a Receiving Party disagrees with the Producing Party's designation of information as Confidential Information or Attorneys' Eyes Only

Information in full or in part, the Receiving Party shall notify the Producing Party in writing and shall specify in reasonable detail the reason(s) for the objection, whereupon the Parties shall confer in good faith in an effort to resolve the status of the subject information. If before or at the time of such conference the Producing Party withdraws the "Confidential" or "Attorneys' Eyes Only" designation of such information, such Producing Party shall express that withdrawal by written notice submitted to the other Party. If the Parties are unable to resolve the asserted protected status of any information, any Party may raise the issue of protected status for determination by the Court. The Producing Party shall bear the burden of establishing the protected status of the information. Nothing in this Confidentiality Order shall abridge the right of any Party to seek judicial review or relief with respect to any ruling that the Court may make. The status of the information as Confidential Information or Attorneys' Eyes Only Information shall be maintained until the Court's final ruling on the application.

7. Disclosure of Confidential Information. Except with prior written consent of the Producing Party or by Order of the Court, material designated by a Party as "Confidential Information," shall not be furnished, shown or disclosed to any person or entity except to:

(a) attorneys representing the Parties in this proceeding and employees of such attorneys or law firms involved in this Action;

(b) consultants, advisors, or experts retained by the Parties in this proceeding;

(c) the Parties in this proceeding, and any of their officers, directors, counsel (including in-house counsel), or employees who have the need to know of such information, solely for the purposes of prosecuting, defending, or appealing this Action;

(d) non-party deponents in this proceeding;

(e) non-party authors or recipients of the information;

(f) the Court and court personnel;

(g) a stenographer, videographer, or other officer of the Court before whom a deposition is taken; and

(h) any person as may hereafter be agreed to in writing by the Producing Party or as may hereafter be authorized by further order of this Court.

Before any disclosure of Confidential Information is made to any person pursuant to sections (b), (d), and/or (h) above, counsel for the Receiving Party shall obtain the person's agreement, in the form of a Declaration of Confidentiality attached hereto as Exhibit A, to comply with and be bound by the terms of this Confidentiality Order.

8. Disclosure of Attorneys' Eyes Only Information. Documents, materials, or other information designated "Attorneys' Eyes Only" shall be held in confidence and shall not be discussed, revealed, or disclosed in any manner or form, with or to any person or entity other than: (i) counsel to the Parties in this Action who have entered appearances in the Action and who are not directly employed by a Party to this Action; (ii) attorneys, clerical, paralegal, and secretarial staff regularly employed by such counsel; and (iii) the persons identified in subparagraphs 7(f) and (h).

9. Filing of Confidential & Attorneys' Eyes Only Information. Any Party who wishes to submit Confidential Information to the Court in connection with any hearing or motion must notify the Producing Party at least three business days prior to such hearing or at least seven business days prior to the filing of any motion or other submission with the Court (four business days if submitted in connection with an expedited motion or submission related to Cigna's motion for preliminary injunction), to allow the Producing Party sufficient opportunity to take steps to protect the Confidential Information, including but not limited to seeking a

protective order under Rule 26, to have the hearing conducted *in camera* and the motion or other submission (or any Confidential Information submitted therewith) filed under seal pursuant to Rule 13.05 of the Local Rules of the United States District Court for the Eastern District of Missouri, or any other relief the Court deems appropriate. Any Party who wishes to submit Attorneys' Eyes Only information to the Court must first file a motion to submit the Attorneys' Eyes Only information under seal pursuant to Rule 13.05 of the Local Rules of the United States District Court for the Eastern District of Missouri. Attorneys' Eyes Only information may only be disclosed pursuant to a Court order or by agreement of the Parties.

10. Non-Designation of Information. The failure of a Party to designate information as Confidential or Attorneys' Eyes Only Information shall not constitute, or have the effect of, a waiver of any later claim that such material or any similar material should be treated as Confidential or Attorneys' Eyes Only Information. If Confidential Information or Attorneys' Eyes Only Information is inadvertently disclosed without the applicable designation, such information is not subject to the restrictions applicable under this Confidentiality Order hereof until the Receiving Party is notified of the error. Thereafter, it shall be treated in the manner prescribed by the applicable provisions of this Confidentiality Order. Nothing in this Section shall, however, allow a Party to designate deposition testimony as Confidential or Attorneys' Eyes Only Information except as provided for by Section 5 and subject to the time limitations on such designation included in that Section.

11. Disclosure of Information in Unrelated Actions. Notwithstanding anything contained herein to the contrary, material provided to another Party in the course of this Action, whether or not designated as "Confidential" or "Attorneys' Eyes Only," may be disclosed by the Receiving Party in response to a subpoena, order, or other directive from a state or federal agency or court or other

governmental body. At least ten business days prior to such disclosure, however, the party who is subject to such a request must first provide the Producing Party with written notice of the Receiving Party's receipt of such a request to permit the Producing Party to object to the disclosure. The Receiving Party shall advise the requesting entity of its obligations under this paragraph.

12. Inadvertently Disclosed Privileged Information.

(a) Upon written notice by the Producing Party of the inadvertent or unintentional disclosure of privileged information, including attorney-client or work product material, which will be specified by identifying the Bates number designations or otherwise reasonably describing the privileged information, the Producing Party shall notify the Receiving Party that such material was unintentionally disclosed. Such inadvertent or unintentional production, absent a further court order, shall not constitute a waiver of any privilege or work product immunity.

(b) Thereafter, the Receiving Party shall return or destroy within five business days the originals and all copies of the materials specified in the aforesaid written notice.

(c) If, however, the Receiving Party disagrees that the information is protected from disclosure for reasons other than the inadvertent production, the Receiving Party may keep one copy of such material and any original deposition exhibits while it moves the Court, within fifteen business days of the Producing Party's written notice of inadvertent or unintentional disclosure, for an order that such information be produced, in which case, the party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists. The Receiving Party shall not use or rely upon any such documents or information until after the resolution of any such motion by the Court, and shall not argue that the inadvertent production constituted a waiver of privilege.

(d) If the Receiving Party fails to file the aforesaid motion in a timely fashion, then the Receiving Party, within three business days after the time to file said motion has expired,

will return or destroy the originals and all copies of the materials that were not returned pursuant to Paragraph 10(b) herein.

11. No Effect on Claims of Privilege. The existence of this Confidentiality Order shall in no way limit or circumscribe the rights of the parties to withhold information on the basis of privilege, including, but not limited to, attorney work product, the attorney-client privilege, or any other evidentiary privilege or legal obligation.

12. Non-Parties. Any non-party to this Action who shall be called upon to make discovery herein or to provide deposition or other testimony shall be entitled to avail itself of the provisions and protections of this Confidentiality Order by written notice invoking the specific terms hereof and by making production consistent with it. By doing so, such non-party shall assume the duties and obligations imposed by this Confidentiality Order.

13. No Restriction on Use of Parties' Own Information. Nothing in this Confidentiality Order shall limit or restrict the business or other purposes for which a Party may use his/her/its own documents or other material designated as Confidential Information or Attorneys' Eyes Only Information.

14. Termination of Litigation. Within 90 days after final termination of this Action, whether by trial, appeal, settlement, or other disposition, any Party receiving Confidential Information or Attorneys' Eyes Only Information shall return or destroy it, including any copies thereof. Notwithstanding the foregoing, counsel for the Parties may retain any Confidential Information or Attorneys' Eyes Only Information produced during the course of this litigation in order to maintain the integrity of their files, provided that its retention shall be governed by the terms of this Confidentiality Order until such Confidential Information or Attorneys' Eyes Only Information is destroyed or returned.

15. Survival of Order. This Confidentiality Order shall survive the final termination of this Action. After the conclusion of all proceedings herein, the Confidentiality Order shall remain in full force and effect, and the Court shall retain jurisdiction to enforce its terms and to insure compliance, except that all Parties reserve all rights with respect to contesting this court's jurisdiction over them or this Action.

16. Retention of Jurisdiction. The Court retains jurisdiction to make amendments, modifications and additions to this Order. Any Party may apply to the Court for amendment or modification of, or addition to, this Order at any time.

17. Non-exclusivity. Nothing in this Confidentiality Order shall prohibit or restrict the use of materials properly obtained through other legal proceedings in a manner consistent with any other governing confidentiality stipulation or order.

18. Compliance. All counsel of record in this litigation shall make a good faith effort to comply with the provisions of this Confidentiality Order and to ensure that their clients do so. In the event of a change in counsel, retiring counsel shall provide a copy of this Confidentiality Order to new counsel.

Respectfully submitted,

*Counsel for Ms. Bricker*
ARMSTRONG TEASDALE LLP

By: /s/ *Jeffrey L. Schultz*
Jeffrey L. Schultz #56553MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 259-4732 (phone)
(314) 621-5065 (fax)
jschultz@atllp.com

*Counsel for CVS Pharmacy, Inc.*
DOWD BENNETT LLP

By: /s/ *John D. Comerford*
John D. Comerford #60164MO
7676 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7311 (phone)
(314) 863-2111 (facsimile)
jcomerford@dowdbennett.com

VEDDER PRICE PC

Nicholas Anaclerio (IL# 6187889)
Allison Czerniak (IL# 6319273)
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003
(312) 609-7538 (Anaclerio phone)
(312) 609-7626 (Czerniak phone)
nanaclerio@vedderprice.com
aczerniak@vedderprice.com

FOLEY HOAG LLP

Michael L. Rosen (BBO# 559954)
Emily J. Nash (BBO# 696460)
Matthew F. Casassa (BBO# 707012)
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1231 (Rosen phone)
(617) 832-3067 (Nash phone)
(617) 832-1116 (Casassa phone)
mrosen@foleyhoag.com
enash@foleyhoag.com
mcasassa@foleyhoag.com

*Counsel for Cigna Corporation*
HUSCH BLACKWELL LLP

By: *_/s/ Randall Thompson_*________
Randall Thompson #45581MO
Scott Meyers #68266MO
Elisa Sullivan #74858MO
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 345-6453
randall.thompson@huschblackwell.com
scott.meyers@huschblackwell.com
eli.sullivan@huschblackwell.com

Counsel for Cigna Corporation
FISHER PHILLIPS LLP

Risa Boerner (PA #76427)
Gabrielle Giombetti (PA #321118)
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
(610) 230-2150
rboerner@fisherphillips.com
ggiombetti@fisherphillips.com

Dated: March 2, 2023

SO ORDERED.

______________________________________
Hon. Ronnie L. White

**EXHIBIT A**

**DECLARATION OF CONFIDENTIALITY**

By my signature, I hereby acknowledge that I have read the Confidentiality Stipulation and Order (the "Confidentiality Order") to which this "Declaration of Confidentiality" is attached as Exhibit A, and hereby agree to be bound by the terms thereof. I agree not to disclose any documents or information designated as "CONFIDENTIAL" (or any of the contents of such documents or information) except in accordance with the terms of the Confidentiality Order, and that such documents or information shall be used only for the purposes authorized by the Confidentiality Order. I agree that to the extent that my employees are provided with confidential material, I will instruct such employees regarding the terms of the Confidentiality Order and will ensure that such employees do not disclose confidential material except in accordance with the terms of the Confidentiality Order. I further agree that any obligation to honor the confidentiality of such documents or information will continue even after the termination of the Action in which the Confidentiality Order has been entered. I further agree that in the event that I fail to abide by the terms of the Confidentiality Order, I may be subject to sanctions for such failure. I consent to the jurisdiction of the United States District Court for the Eastern District of Missouri for purposes relating to the enforcement of this Confidentiality Order.

Date: ______________________ ____________________________________

____________________________________

____________________________________
Signatory's Name, Business Affiliation, and Business Address