**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CIGNA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-93 RLW |
| | ) |
| AMY BRICKER, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Cigna Corporation's Motion for Protective Order or in the Alternative to Quash the Deposition Notice of David Cordani, the Chief Executive Officer ("CEO") of Cigna Corporation ("Cigna"). Defendants Amy Bricker and CVS Pharmacy, Inc. ("CVS Pharmacy") oppose the motion and filed a joint response memorandum in opposition, to which Cigna filed a reply. The motion is fully briefed and ripe for review.

Federal Rule of Civil Procedure 26, which governs the scope of discovery in federal matters, provides the following:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 26(c), a party may move for a protective order pertaining to discovery requests in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party moving for the protective order" – here, Cigna –

"has the burden to demonstrate good cause for issuance of the order." Buehrle v. City of O'Fallon, Mo., No. 4:10-CV-509 AGF, 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011).  To show good cause, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." Id. "Because of liberal discovery and the potential for abuse, the federal rules 'confer[] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'"  Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 30, 36 (1984)).

Cigna argues that taking the deposition of its CEO would be unduly burdensome and urges the Court to block Mr. Cordani's deposition under the "apex rule," which has been applied by other district courts in the Eighth Circuit.[1]  Defendants respond that Mr. Cordani is a fact witness with key knowledge relevant to Cigna's claims against Defendants.  Ms. Bricker and CVS Pharmacy cite to Cigna's pleadings and filing that make references to Ms. Bricker's involvement with Cigna's business and her extensive knowledge of its trade secrets, which allegedly are not limited to those of Express Scripts or Evernorth.  Defendants argues that Cigna itself has asserted that Ms. Bricker's role in Cigna's decision-making and strategic planning was comprehensive and shared only by a small, elite subset of Cigna executives led by Mr. Cordani, and that he would have unique, superior knowledge about those facts, among other facts at issue in this case.

---

[1] Under the apex rule, "To obtain a deposition from a high-level corporate official, parties must demonstrate (1) the executive has unique or special knowledge of the facts at issue, and (2) other less burdensome avenues for obtaining the information sought have been exhausted." Gladue v. Saint Francis Med. Ctr., No. 1:13-CV-00186-CEJ, 2014 WL 7205153, at *1 (E.D. Mo. Dec. 17, 2014) (quoting Ingersoll v. Farmland Foods, Inc., No. 10-6046-CV-SJ-FJG, 2011 WL 1131129, at *7 (W.D. Mo. Mar. 28, 2011)); see also Misc. Docket Matter No. 1, 197 F.3d at 926-27 (holding district court did not abuse its discretion in quashing a subpoena to depose a CEO where the deposition would have been irrelevant and harmful).

The Court has carefully reviewed the motion and the legal memoranda in support and opposition, and finds Cigna has not met its burden for a protective order or to quash Mr. Cordani's deposition. In the Court's view, the cases Cigna cites are distinguishable from the case at hand, as Cigna has alleged from its initial Complaint that Ms. Bricker was part of the highest level of decision-making in its organization. Second, the Court finds Defendants have established there is a likelihood Mr. Cordani has unique or special knowledge of facts that will be at issue at the preliminary injunction hearing. And finally, Cigna has not demonstrated that a three-hour deposition of its CEO would be unduly burdensome, especially in light of its allegations in this case. Cigna has alleged that Ms. Bricker has the highest-level knowledge of Cigna's trade secrets and confidential information, and has represented to the Court that if this information were disclosed, Cigna's potential loss would be immeasurable.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Cigna Corporation's Motion for Protective Order or in the Alternative to Quash the Deposition Notice of David Cordani, the Chief Executive Officer of Cigna Corporation, is **DENIED.** [ECF No. 82]

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   17th   day of March, 2023.

---

[2] Depositions taken pursuant to the Order concerning expedited discovery in this case are limited to three hours. See ECF No. 69.