UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CIGNA CORPORATION., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| AMY BRICKER, and CVS PHARMACY INC., | ) No. 4:23-CV-93-RLW ) ) ) |
| Defendants. | ) ) |

### DEFENDANT AMY BRICKER'S REPLY IN SUPPORT OF HER MOTION TO RECONSIDER

Plaintiff Cigna Corporation's Response in Opposition to Defendant Amy Bricker's Motion to Reconsider ("Response") seemingly misunderstands the basis for Ms. Bricker's request for reconsideration. As stated in her Motion to Reconsider ("Motion"), Ms. Bricker is not attempting to relitigate the arguments made in Defendants' Motion to Compel but instead is asking the Court to revisit its Order to address inadvertent mistakes it may have made. Further, Cigna again attempts to litigate the merits of Ms. Bricker's unclean hands defense in discovery briefing. The affirmative defense is still at issue in this case, and Ms. Bricker's narrowly-tailored discovery related to it is appropriate.

**ARGUMENT**

**A. There are proper grounds for reconsideration of the Court's Order.**

As an initial matter, Cigna is incorrect that Rule 60(b), rather than Rule 54(b) governs. The Eighth Circuit has found that while Rule 60(b) applies where the district court has entered a final judgment or order, Rule 54(b) applies where the district court enters an order that "adjudicates fewer than all claims or the rights and liabilities of fewer than all parties. . . ." *See Julianello v. K-*

*V Pharm. Co.*, 791 F.3d 915, 923 n. 3 (8th Cir. 2015); *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 857 (8th Cir. 2008); *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (finding the district court erred in applying Rule 60(b)—and not Rule 54(b)—to a motion to reconsider a nonfinal order because "Rule 60(b) only applies to motions for relief from 'a final judgment, order or proceeding'"). Accordingly, Ms. Bricker is not required to allege grounds under Rule 60(b) for her motion for reconsideration, and the stricter standard for reconsideration under that rule does not apply. *Id.*

In any event, Ms. Bricker's Motion to Reconsider does identify proper reasons for reconsideration of the Order. With respect to Defendants' written discovery related to Cigna's alleged trade secrets, Ms. Bricker believes the Court overlooked the full text of Defendants' written discovery requests in issuing its Order. *See* Doc. 105 at p. 5 ("the Court's Order appears to overlook the intentional limit Defendants placed on these discovery requests"). Ms. Bricker is not seeking to "reargue" the arguments Defendants made in the Motion to Compel, but rather, she only asks that the Court revisit its Order to ensure it did not overlook that Defendants are requesting only the confidential information and trade secrets "that Cigna alleges Ms. Bricker has either misappropriated or will inevitably use or disclose in the course of her employment with CVS." *See id.* at p. 4. Importantly, this language is missing from the Court's recitation of the relevant document request. *See* Order at 4. As stated in her Motion, this qualifier is critical to the discovery sought—Ms. Bricker understands she was exposed to trade secrets while employed by Cigna, and she only seeks identification of and the opportunity to test those that Cigna alleges she has or will inevitably use or disclose in her new role with CVS.

With respect to discovery related to the unclean hands defense, Ms. Bricker argued that the Court mistakenly found that she was required to, and failed to, fully address the merits of her

unclean hands defense in briefing Defendants' Motion to Compel and that it erroneously effectively disposed of the unclean hands defense on the merits without providing Ms. Bricker the opportunity to argue the defense on the merits. Doc. 105 at pp. 7-10. In its Order, the Court appeared to believe that Defendants had included in their Motion to Compel all argument and caselaw on which they intended to rely to support their unclean hands defense. Order at p. 9 ("The only authority Defendants cite to support application of the unclean hands doctrine here is a forty-three-year-old case. . ."). As a result, the Court found that the doctrine is inapplicable and thus all discovery related to it is not relevant to the dispute. *Id.* at p. 10. Ms. Bricker's Motion addressed this mistake, noting that she was not prepared—or required—to address the full merits of her unclean hands defense as part of a Motion to Compel. *See* Doc. 105 at p. 7. She further highlighted that the standard for the proper scope of discovery tests the relevancy of the documents and information sought to the claims and defenses in the case and not the relevancy of the claims and issues in the case to the dispute. *Id.* at p. 8. Accordingly, she asked that the Court apply the correct standard and allow Ms. Bricker discovery on a defense that is still at issue in this case. *Id.*

These reasons, articulated by Ms. Bricker in her Motion, are proper grounds for this Court's reconsideration of its Order. Indeed, whether analyzed under Rule 54(b) or 60(b), the Court may exercise its "substantial discretion" to reconsider its previous order to correct a "mistake, inadvertence, surprise or excusable neglect" or "any other reason that justifies relief." *See* Doc. 122 at p. 2; *MacCormack v. Adel Wiggins Grp.*, No. 4:16-CV-414, 2017 WL 1426009, at *2 (E.D. Mo. Apr. 21, 2017) (finding that there are numerous reasons to reconsider a prior ruling under Rule 54(b), including where the Court has "misunderstood a party" or "made a decision outside of the adversarial issues").

### B. Ms. Bricker's unclean hands defense is still applicable to this case, and discovery bearing on it is appropriate.

Cigna's Response confirms that it is improperly attempting to dispose of Ms. Bricker's unclean hands defense by refusing to respond to targeted discovery related to the defense and in opposing Defendants' Motion to Compel.  As noted in Ms. Bricker's Motion, the proper inquiry in considering the Motion to Compel is *not* whether she will ultimately prevail on the affirmative defense in the dispute (Ms. Bricker believes that the defense has merit and she will prevail on it), but rather, whether the discovery is "relevant to any party's claim or defense and proportional to the needs of the case."  Doc. 105 at p. 8.  No party has substantively challenged Ms. Bricker's unclean hands affirmative defense, and it remains at issue in this case, and importantly, is grounds to deny enjoining Ms. Bricker from employment with CVS.  Thus, because the requested discovery is relevant to this affirmative defense (a fact which Cigna apparently concedes), Cigna should be required to respond to these requests.

Cigna further attempts to distinguish cases cited by Ms. Bricker in support of her claim that "Missouri and other courts, however, have held that, where conduct of a plaintiff employer rises to the level of unclean hands, that employer is barred from enforcing a restrictive covenant against the employee."  Doc. 105 at p. 9.  However, each of the cases plainly find that an employer may be barred from enforcing a restrictive covenant against an employee where its hands are unclean. *Id.*  Moreover, that the parties necessarily offer only abbreviated arguments on the merits of an affirmative defense asserted by Ms. Bricker underscores the need for this issue to be addressed as part of a dispositive motion rather than a discovery motion.  Any further briefing on this issue is not relevant to Defendants' Motion to Compel and would be more appropriately addressed as part of a motion to strike or at summary judgment.

4

Dated this 29th day of March, 2023        Respectfully submitted,

**ARMSTRONG TEASDALE LLP**

By: _/s/ William Ray Price, Jr._____
William Ray Price, Jr. #29142MO
Jeffrey L. Schultz #56553MO
7700 Forsyth Blvd, Suite 1800
St. Louis, Missouri 63105
(314) 259-4703 (Price phone)
(314) 259-4732 (Schultz phone)
(314) 621-5065 (fax)
wprice@atllp.com
jschultz@atllp.com

**VEDDER PRICE PC**

Nicholas Anaclerio (IL# 6187889),
*pro hac vice*
Allison Czerniak (IL# 6319273),
*pro hac vice*
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003
(312) 609-7538 (Anaclerio phone)
(312) 609-7626 (Czerniak phone)
nanaclerio@vedderprice.com
aczerniak@vedderprice.com

*Counsel for Amy Bricker*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 29th day of March, 2023, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all attorneys of record.

                                              _/s/William Ray Price, Jr._____