# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CIGNA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:23-CV-93 RLW |
| | ) |
| AMY BRICKER, et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the Motion of Defendant CVS Pharmacy, Inc. ("CVS Pharmacy") to Participate in Preliminary Injunction Hearing.  For relief, CVS Pharmacy asks that the Court grant it permission to "fully participate" in the preliminary injunction hearing scheduled for March 30, 2023.

On January 27, 2023, Plaintiff Cigna Corporation ("Cigna") filed suit against Amy Bricker, a former employee, and CVS Health Corporation ("CVS Health") bringing claims for breach of a non-competition agreement, misappropriation of trade secrets under the Missouri Uniform Trade Secrets Act ("MUTSA"), and violations of the Computer Fraud and Abuse Act ("CFAA"), in addition to a number of other state law claims.  At the same time, Cigna also filed a Motion for a Temporary Restraining Order and Preliminary Injunction against Defendants Amy Bricker and CVS Health.  (ECF No. 4).  In its motion, Cigna sought to prohibit Ms. Bricker from working for CVS Health and from divulging or disclosing Cigna's trade secrets or confidential information. Cigna sought to prohibit CVS Health from employing Ms. Bricker.  (Id.)

As CVS Pharmacy states in its motion, Cigna later filed a Third Amended Complaint and substituted CVS Pharmacy for CVS Health.  Under the new complaint, CVS Health is no longer a

party to this suit, and the Court entered an Order denying Cigna's Motion for a Temporary Restraining Order and Preliminary Injunction against CVS Health as moot. (ECF No. 49).

In the Third Amended Complaint, which is the operative complaint, Cigna asserts claims against CVS Pharmacy. CVS Pharmacy is a defendant in this cause of action. But in its Motion for a Preliminary Injunction, Cigna does not seek to restrain CVS Pharmacy, which is a separate legal entity from CVS Health. Cigna never filed a motion for preliminary injunction against CVS Pharmacy in this case.

The issue before the Court at tomorrow's hearing is whether the Court should extend the TRO and issue a preliminary injunction against Defendant Amy Bricker only based on Cigna's claims against her for breach of a non-competition and confidentiality agreement and violations of the MUTSA. (ECF No. 4). The hearing will not be a trial on the merits of all the claims in the case. Therefore, as the Court indicated on March 28, 2023, Cigna, the movant, and Ms. Bricker, the party against whom the motion is directed, will be allowed to present argument and evidence for the Court's consideration. It is the Court's intention that Cigna and Ms. Bricker will present opening and closing statements and submit evidence for and against Cigna's Motion for Preliminary Injunction. CVS Pharmacy will not be allowed to present a separate defense to Cigna's Motion for a Preliminary Injunction, because it is not a party to the motion – the motion is pending against Ms. Bricker only.

CVS Pharmacy argues it should be allowed to "fully participate" in the preliminary injunction hearing. CVS Pharmacy will not be excluded from tomorrow's hearing, as it is a party to this suit. CVS Pharmacy's counsel and its representative will be allowed to sit at defense counsel table and participate in the hearing. As evidence obtained from CVS Pharmacy through expediated discover may be at issue and its employees may be called as witnesses at tomorrow's

hearing, nothing in this Order precludes CVS Pharmacy from making motions or objections to protect its interests. CVS Pharmacy also states in its motion that it created a new position for Ms. Bricker – Executive Vice President, Retail – following the entry of the TRO, and that the Court has not yet heard evidence concerning this proposed new position. Nothing in this Order precludes Ms. Bricker from presenting evidence regarding the new, proposed job at CVS Pharmacy.

Accordingly,

**IT IS HEREBY ORDERED** that as set forth in the terms of this Order, Defendant CVS Pharmacy, Inc.'s Motion to Participate in Preliminary Injunction Hearing, which it defines to mean "fully participate" and present opening and closing statements, is **DENIED.** [ECF No. 127].

　　　　　　　　　　　　　　　　　　_/s/ Ronnie L. White_
　　　　　　　　　　　　　　　　　　**RONNIE L. WHITE**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of March, 2023.