IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CIGNA CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>AMY BRICKER and CVS PHARMACY, INC.,<br><br>    Defendants. | No. Case No. 4:23-cv-00093-SEP |

**DEFENDANTS' MOTION TO CLARIFY AND/OR
TO AMEND PRELIMINARY INJUNCTION ORDER**

The Non-Competition Agreement (the "Non-Compete") at issue in this case expires by its own terms on February 3, 2025, but the Preliminary Injunction Order (ECF No. 209, the "Preliminary Injunction") against Defendants Amy Bricker ("Ms. Bricker") and CVS Pharmacy, Inc. ("CVS") has no such temporal limit. Accordingly, Ms. Bricker and CVS move this Court for entry of an order clarifying and/or amending its Preliminary Injunction to make clear that it expires on February 3, 2025.

Ms. Bricker and CVS concurrently submit their supporting memorandum and state:

1.    On February 17, 2023, this Court entered a temporary restraining order (ECF No. 61, the "TRO") enjoining Ms. Bricker from, among other things, "[p]roviding any services to, or for, CVS Pharmacy, Inc., CVS Health Corporation, or any of its entities, or any other business or entity that is engaged in a business similar to, or that competes with, the business of Cigna Corporation . . ."

2.    Following an evidentiary hearing, on June 5, 2023 this Court issued a Preliminary Injunction barring Ms. Bricker from, among other employment activities, employment in any

1

capacity with CVS based on post-employment restrictive covenants that Ms. Bricker entered into with her former employer, Express Scripts ("ESI"), which is a subsidiary of Plaintiff Cigna Corporation ("Cigna"). (ECF No. 209).

3. The Preliminary Injunction, like the TRO, prohibits Ms. Bricker from directly or indirectly (1) providing services to or for any CVS entity or any other entity that is engaged in a business similar to, or that competes with the business of Cigna; (2) providing services to or for CVS or any other entity that will likely result in the disclosure of Cigna's confidential information; and (3) divulging, revealing, or otherwise disclosing any of Cigna's trade secret or confidential information. (ECF No. 209).

4. Unlike the TRO, the Preliminary Injunction's duration is indefinite—barring Ms. Bricker from these activities "pending the final determination on the merits of this case." (ECF No. 209). Thus, the Preliminary Injunction's duration is measured by the yet-to-be-determined date of a merits determination in this case rather than a fixed period, most specifically the two-year temporal limit of the restrictive covenants that the TRO and Preliminary Injunction enforce.

5. The Non-Competition Agreement that the Court's TRO and Preliminary Injunction enforces (the "Non-Compete"), states in relevant part:

> (a) Employee agrees that, during the Restricted Period and in any Restricted Area, Employee shall not, directly or indirectly by assisting, provide services to a Competitor of the Company. Employee's agreement not to provide such services to a Competitor applies regardless of whether Employee does so as an employee, owner, partner, principal, advisor, independent contractor, consultant, agent, officer, director, investor, or shareholder. Notwithstanding the foregoing, Employee's ownership of less than 1% of the outstanding shares of a publicly traded company that constitutes a Competitor shall not be deemed to be providing services to such Competitor solely by virtue of owning such shares.

(Memorandum, Exhibit A, ¶ 1.3)

6. The referenced "Restricted Period" is defined as "the duration of Employee's employment with [Cigna/ESI], plus the two-year period immediately following the termination of Employee's employment with [Cigna/ESI] for any reason." (Memorandum, Exhibit A, ¶ 1.9.)

7. Ms. Bricker's ESI employment ended on February 3, 2023, and she never commenced active employment for CVS. By their terms the restrictive covenants in the Non-Compete expire on February 3, 2025, fewer than three (3) months from now. (*See* ECF. No. 38-1, Ex. A, ¶ 17.)

8. On November 6, 2024, shortly after a quarterly earnings call during which CVS publicly announced senior leadership changes having immediate effect, CVS notified Ms. Bricker that it is terminating even her inactive employment status with the Company. Consequently, Ms. Bricker will not, even in the future, perform any active employment duties or responsibilities for CVS, a fact that materially changes the circumstances prompting, and arguably obviates any need for, both the TRO and the Preliminary Injunction. (*See* Memorandum, Exhibit B, ¶ 12.) Under these circumstances, the Preliminary Injunction countermands an employment relationship between CVS and Ms. Bricker that both have already terminated.

9. By expressly extending the duration of the Preliminary Injunction through "a final determination on the merits of this case" though such a merits decision is virtually certain not to occur until after the two-year Restricted Period ends, the Preliminary Injunction, as written, has the practical effect of interfering with Ms. Bricker engaging in gainful employment for longer than the Restricted Period. It imposes on her a restraint that surpasses the Non-Compete's duration with no legal basis.

10. The Court did not limit the Preliminary Injunction's duration to the *shorter of* a final determination on the merits *or* expiration of the Restricted Period, nor state any rationale for,

3

lengthening the Preliminary Injunction beyond the Restricted Period stated in the Non-Compete. There is no legal, factual or equitable justification for so lengthening the Preliminary Injunction.

WHEREFORE, Defendants respectfully request that, for the foregoing reasons and those stated in the Memorandum Defendants file concurrently herewith, this Court enter an order clarifying or modifying the Preliminary Injunction to specify that the restraints it imposes on Ms. Bricker are expressly limited to the duration of the Restricted Period prescribed by the Non-Compete such that those restraints cease on February 3, 2025, the second anniversary of Ms. Bricker's employment with Cigna terminating. Defendants further respectfully request such other, further, or additional relief in their favor as the Court deems fair, just and equitable in the circumstances.

Dated: November 7, 2024                                   Respectfully submitted,

| | |
|---|---|
| *Counsel for Ms. Bricker* | *Counsel for CVS* |
| ARMSTRONG TEASDALE LLP | DOWD BENNETT LLP |
| | |
| By: */s/ Jeffrey L. Schultz* | By: */s/ John D. Comerford* |
| William Ray Price, Jr. #29142MO | John D. Comerford #60164MO |
| Jeffrey L. Schultz #56553MO | 7676 Forsyth Blvd., Suite 1900 |
| ARMSTRONG TEASDALE LLP | St. Louis, Missouri 63105 |
| 7700 Forsyth Blvd., Suite 1800 | (314) 889-7311 (phone) |
| St. Louis, Missouri 63105 | (314) 863-2111 (facsimile) |
| (314) 621-5070 | jcomerford@dowdbennett.com |
| (314) 621-5065 (fax) | |
| wprice@atllp.com | |
| jschultz@atllp.com | |
| | |
| VEDDER PRICE PC | FOLEY HOAG LLP |
| | |
| Nicholas Anaclerio (IL# 6187889) | Michael L. Rosen (BBO# 559954) |
| *pro hac vice* | *pro hac vice* |
| Allison Czerniak (IL# 6319273) | Emily J. Nash (BBO# 696460) |
| *pro hac vice* | *pro hac vice* |
| 222 North LaSalle Street, Suite 2600 | Laura D. Gradel (BBO# 692315) |
| Chicago, Illinois 60601-1003 | *pro hac vice* |
| (312) 609-7538 (Anaclerio phone) | 155 Seaport Boulevard |

4

(312) 609-7626 (Czerniak phone)  
nanaclerio@vedderprice.com  
aczerniak@vedderprice.com  

Boston, MA 02210  
(617) 832-1231 (Rosen phone)  
(617) 832-3067 (Nash phone)  
(617) 832-1784 (Gradel phone)  
mrosen@foleyhoag.com  
enash@foleyhoag.com  
lgradel@foleyhoag.com  

Case: 4:23-cv-00093-SEP   Doc. #:  231   Filed: 11/07/24   Page: 5 of 6 PageID #: 3958

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 7, 2024 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system.

                                            */s/ Jeffrey Schultz*