**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CIGNA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23-cv-00093-SEP |
| | ) |
| AMY BRICKER and CVS PHARMACY, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO CLARIFY AND/OR TO
AMEND PRELIMINARY INJUNCTION ORDER**

## INTRODUCTION

Plaintiff The Cigna Group f/k/a Cigna Corporation ("Plaintiff" or "Cigna") submits its Response in Opposition to the Motion to Clarify and/or To Amend Preliminary Injunction Order filed by Defendants Amy Bricker ("Bricker") and CVS Pharmacy, Inc.'s ("CVS") (the "Motion").

Bricker, a former top executive within Cigna, resigned in early 2023 to accept a top executive role with CVS—Cigna's primary competitor—despite being subject to enforceable restrictive covenants. In turn, Cigna sought to enforce these restrictions. After extensive but quick litigation, the District Court agreed with Cigna, issuing a temporary restraining order followed by a preliminary injunction order consistent with the terms of the restrictive covenants, prohibiting Bricker from working for a competitor and/or disclosing Cigna's confidential and/or trade secret information. Defendants unsuccessfully appealed this order to the Eighth Circuit, which upheld the injunction in full.

Now, about five months after the Eighth Circuit's decision, Defendants claim that on November 6, 2024, "CVS notified Ms. Bricker that it is terminating even her inactive employment", although the effective date of that development is unclear. Within twenty-four hours of this supposed notification, Defendants have *jointly* filed a motion requesting a modification of the Court's preliminary injunction order to confirm that it "expires on February 3, 2025", which is two years from the date of Bricker's termination of employment with Cigna.

Defendants' motion is both premature and misleading for at least two reasons. First, Defendants did not attempt to confer with Cigna prior to filing their motion, which could likely be resolved through agreement with some clarification of the relief sought.[1] Second, under the

---

[1] For example, it is unclear if Defendants seek modification of just the subsequent employment restriction, or the other restrictions as well, such as those on the safeguarding of Cigna's confidential and trade secret information.

1

broadest interpretation of Defendants' unclear motion, it seeks relief that is overly broad and inconsistent with the terms of Bricker's agreement, as it seemingly seeks to terminate confidentiality protections that do not, and should not, end on February 3, 2025. To that end, Cigna requests that the Court deny Defendants' Motion without prejudice, so the parties may confer and determine whether a more narrowly tailored consent motion can be submitted to the Court.

## BACKGROUND

Cigna is a global health services conglomerate. (ECF No. 208, "PI Findings of Fact", ¶ 1.) Cigna's biggest business unit is Express Scripts, a wholly owned subsidiary of Cigna, which was acquired by Cigna effective December 20, 2018, for over $54 billion. (*Id.*). Express Scripts is a Pharmacy Benefits Manager ("PBM"). (*Id.*) Evernorth Health Services ("Evernorth") is Cigna's health-services brand, which was launched in 2020. (*Id.* at ¶ 2). Evernorth's component businesses include Express Scripts, Accredo, eviCore, and MDLIVE. (*Id.*) Express Scripts is the single largest business unit by revenue within both Evernorth and the broader Cigna enterprise. (*Id.*) CVS is Cigna's largest competitor, competing with Cigna in virtually every aspect of its business. (*Id.* at ¶ 4.)

Bricker joined Express Scripts in 2010 and held senior leadership roles within the organization. (Id. at ¶ 9.) After Cigna's acquisition of Express Scripts in 2018, Bricker was rapidly promoted from Senior Vice President, Supply Chain to President of Express Scripts, effective December 21, 2020, at which time she received a very significant increase in compensation and benefits, nearly doubling her overall compensation opportunity, which was already in the seven-figure range. (*Id.*)

Cigna employs approximately 70,000 people across its enterprise organization. In her role as President of Express Scripts, Bricker was an executive and one of the top 20 leaders in the entire

2

Cigna enterprise. (*Id.* at ¶ 11) Prior to her resignation, Bricker was the senior-most leader of Evernorth's Senior Leadership Team, through which she collaborated with Evernorth's other business unit teams and held significant, broad-based responsibilities. (*Id.* at ¶¶ 11-15.)

To differentiate itself and to attain and maintain its competitive position in the marketplace, Cigna has developed a number of highly confidential trade secrets in all aspects of its company, as described in greater detail in the Court's sealed Findings of Fact and Conclusions of Law. (Id. at ¶¶ 16-22.)

Beginning in 2019, following Cigna's acquisition of Express Scripts in late 2018, Bricker was provided with the opportunity to participate in various equity plans with Cigna, through which Cigna granted her the option to purchase certain numbers of shares of Cigna Common Stock pursuant to specified terms and conditions. (*Id.* at ¶ 26.) As a condition of participating in each of these plans, Bricker agreed to abide by a series of post-employment restrictive covenants designed to protect Cigna's confidential business information, goodwill, and relationships with its customers, providers, and key employees. (*Id.*)

Most recently, in 2022, Bricker entered into the 2022 Restricted Stock Grant Agreement, the 2022 Nonqualified Stock Option Grant Agreement, and the 2022 Strategic Performance Share Grant Agreement. (*Id.* at ¶ 27.) The equity awarded through each of these grants was conditioned upon her acceptance of restrictive covenants contained in a separate agreement, Cigna's Confidentiality, Non-Competition and Non-Solicitation Agreement (the "Covenant Agreement"). (*Id.*)

Bricker's Covenant Agreement includes certain post-employment obligations, including not only a non-competition restriction with a two-year duration, but also her agreement not to use or disclose Cigna's confidential and sensitive business information following the termination of

3

her employment. (ECF No. 50-14.) That obligation does not have a two-year limit, and extends indefinitely, as does her obligation under the Missouri Uniform Trade Secrets Act ("MUTSA"), Mo. Rev. Stat. § 417.455, not to misappropriate Cigna's trade secret information.

Ms. Bricker submitted her resignation on January 9, 2023, intending to accept employment with Cigna's direct competitor, CVS. (PI Findings of Fact at ¶ 35.) On January 26, 2023, Cigna filed suit against Bricker and CVS, seeking a temporary restraining order and preliminary injunction. Following a hearing with counsel for all parties on February 15, 2023, the Court issued a TRO against Bricker (ECF No. 61).

After expedited but extensive discovery, a full day-long hearing, hours of testimony, the submission of documentary evidence, and full pre-and post-hearing briefing by both sides, the Court issued an order and 39 pages of Findings of Fact and Conclusions of Law granting Cigna's Motion for Preliminary Injunction (the "PI Order") (ECF No. 208). Importantly, the PI Order preliminarily enjoins Bricker not only from providing any services to CVS or any of its entities, but also from divulging, revealing, or otherwise disclosing any of Cigna's trade secret or confidential information. A few months later, the Eighth Circuit affirmed this decision.

On November 7, 2024, without any prior communication or attempt to confer with Cigna, Defendants filed their Motion, seeking "an order clarifying and/or amending its Preliminary Injunction to make clear that it expires on February 3, 2025." Motion at 1. The Motion does not distinguish between the separate aspects of relief granted in the PI Order.

## **LEGAL STANDARD**

Defendants' Motion is a motion "to clarify and/or to amend the preliminary injunction order." There are no Federal Rules of Civil Procedure that specifically address motions to clarify. *ISG Technology, Inc. v. Secure Data Technologies, Inc.*, Case No. 20-CV-03345-SRB, 2021 WL

4

5546463, at *2 (W.D. Mo. Feb. 2, 2021).  Courts within the Eighth Circuit have entertained motions to clarify a previously issued preliminary injunction order "when a legitimate dispute arises" regarding the meaning of the prior order. *Id.* (citing *Marco, Inc. v. Advanced Sys., Inc.*, No. CR 11-4072-KES, 2011 WL 5858754, at *1 (D.S.D. Nov. 22, 2011) (noting "[t]he parties legitimately dispute the preliminary injunction's terms and attempted to resolve the issues before seeking the court's clarification").  It is the substance of the motion that determines whether it is a motion to clarify or to modify the scope or terms of the prior injunction. *Id.*

Where the motion seeks more than just a clarification, it is a motion to modify, which may be granted due to changed circumstances arising after the order was first entered.  *Id.*  Where, however, a party "merely 'seeks to relitigate the issues underlying the original preliminary injunction order', such a motion arises under Federal Rule of Civil Procedure 59(e)."  *Id.* (citing *Johnson v. Freeman*, No. 04-CV-01266-ERW, 2005 WL 8176829, at *1 (E.D. Mo. Aug. 8, 2005)). Motions filed pursuant to Rule 59(e) "serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citing *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010) and *United States v. Metro St. Louis Sewer Dist.*, 440 F. 3d 930, 933 (8th Cir. 2006) ("Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.")).

Here, Defendants raise no legitimate dispute regarding the meaning of the PI Order, which is clear as to its terms.  Moreover, Defendants made no effort to confer with Plaintiff's counsel prior to filing their Motion, so they cannot represent whether there is a dispute or not, having failed to engage in any dialogue to determine whether the parties might agree on their interpretation of the scope of the PI Order. Rather than seeking clarification, what Defendants truly seek is

5

modification of the PI Order in a manner that could have been raised prior to entry of the Preliminary Injunction, but was not.

## ARGUMENT

The PI Order does not require clarification, and Defendants' requested modification to the Order is both premature and overly broad.

### 1. The Preliminary Injunction should not be modified to expire on February 3, 2025.

Defendants contend that the Preliminary Injunction should be "limited to the terms of the Non-Compete", purportedly to "comport with the Court's Findings of Fact and Conclusions of Law" (Motion at p. 6), but the relief requested by Defendants does not comport with the Court's decision, which has already been the subject of Defendants' failed motion for reconsideration and an appeal that was denied by the Eighth Circuit Court of Appeals. Despite the fact that the Court's decision has repeatedly been upheld, Defendants seek to modify it now based on the false premise that the requested modification is consistent with the Court's original ruling. It is not.

The Court's Findings of Fact include not only the recognition that the two-year non-competition restriction is reasonable in time and scope, but also that the covenants in the Covenant Agreement – including the confidentiality provision – are "reasonably necessary to protect Cigna's legitimate interests in its confidential, proprietary, and trade secret information." PI Findings of Fact at p. 24. The Court repeatedly observed that Bricker has knowledge of Cigna's confidential, proprietary, and trade secret information across Cigna's health services enterprise. *Id.* at ¶ 13, 18-23, 32, 34, 43-48, 51, pp. 21-24. The confidentiality provisions of the Covenant Agreement are not limited to a two-year period, and for good reason: Bricker's knowledge of Cigna's confidential information and trade secrets poses a competitive threat that does not end at the two-year mark

after the termination of her employment. Whether Bricker works for CVS or elsewhere, these restrictions must remain in effect in order to protect Cigna's legitimate interests.

Defendants' requested relief is similar to the modification requested by the defendant in *ISG Technology, Inc. v. Secure Data Technologies, Inc.*, in which the defendant sought, among other things, a modification to an existing preliminary injunction order prohibiting the defendant from using the plaintiff's confidential information, claiming that the restraint should be time-limited. *ISG Technology*, 2021 WL 5546463, at *7. The Court denied the request, noting that the defendant did not ask the court to interpret or clarify any language in that portion of the injunction order, nor did it argue a subsequent change of circumstances that would have warranted modification of the restriction due to equitable concerns. *Id.* Concluding that the request was in the nature of a motion pursuant to Federal Rule of Civil Procedure 59(e), the court held that there had been no manifest error of law or fact based upon the issuance of an order lacking a time limitation with respect to protection of confidential information. *Id.* Likewise, there was no error by the Court here in entering a PI Order without a time restraint, and no legitimate basis to suggest changed circumstances that would warrant such modification. The contention that CVS has ended Bricker's "inactive employment", even if true, would not warrant the imposition of a time restriction on the protection of Cigna's confidential and trade secret information that, as in *ISG Technologies*, was not bargained for by the parties and appears nowhere in Bricker's Covenant Agreement.

Defendants' proposed modification of the PI Order is premature, at a minimum, and it is procedurally improper to request that the Court modify the PI Order prior to either the submission of dispositive motions on a complete record, or a final hearing on the merits on permanent injunctive relief. Defendants' request is not truly for "clarification", as the Court's PI Order is

7

perfectly clear. Instead, what Defendants seek is to circumvent the procedures through which this Court would ordinarily reach a final decision on the merits. For this reason, Defendants' Motion should be denied without prejudice, which would permit the parties to communicate with one another to determine whether there is any basis to claim a legitimate dispute, or any potential for the submission of a consent motion, the scope of which could be negotiated by the parties.

   2. **The Motion should be denied without prejudice to permit the parties to engage in a meet and confer to clarify the scope of Defendants' request and to attempt to reach a mutually agreed upon resolution.**

As noted above, inexplicably, Defendants made no attempt to contact Plaintiff's counsel prior to filing their joint motion seeking clarification or modification of the Preliminary Injunction. While Plaintiff has never sought to extend the non-compete beyond the terms set forth in the Covenant Agreement,[2] Plaintiff has concerns regarding Defendants' request and the lack of any communication from Defendants before they filed the Motion. Specifically, Plaintiff has not had an opportunity through any attempt to meet and confer to seek clarification regarding Bricker's claimed "inactive employment" status with CVS, why CVS would join in a motion to clarify the scope of the Preliminary Injunction relating to Bricker if it did not intend to employ Bricker, how Defendants coordinated to file a joint motion only twenty-four hours after Bricker supposedly first learned that CVS was "terminating even her inactive employment" (Motion at p.1), or why Defendants would request a modification to the PI Order that would alter provisions of the PI Order beyond those aspects of the Order that enforce the terms of the non-competition provision. The fact that the Motion seeks to impose a two-year limitation on even the confidentiality and trade secret protections ordered by the Court is concerning to Defendants, as this clearly conflicts

---

[2] Plaintiff reserves the right to seek extension of the duration of the non-competition provision of the Covenant Agreement if it learns that Bricker has engaged in any type of employment that could violate the non-compete restrictions, consistent with Section 1.6(b) of her Covenant Agreement. (ECF No. 50-14.)

8

both with the terms of Bricker's Covenant Agreement and the Court's own intentions as set forth in the PI Order itself and in the Court's Findings of Fact and Conclusions of Law.

Denial of Defendants' Motion without prejudice is a reasonable disposition of the pending Motion that would permit the parties to meet and confer to attempt to answer the questions outlined above, and to determine whether the parties can reach agreement on a consent motion or stipulation that would resolve some or all of the issues raised in Defendants' Motion. If the parties are unable to reach such an agreement, Defendants would still have ample time to re-file a similar motion prior to the two-year anniversary of Bricker's termination of employment with Cigna in February 2025.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court enter an order denying Defendants' Motion to Clarify and/or to Amend Preliminary Injunction without prejudice.

Dated: November 21, 2024                             Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Randy Thompson*
Christopher Smith (53266MO)
Randall Thompson (45581MO)
Scott Meyers (68266MO)
Elisa Sullivan (74858MO)
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105
Phone: 314.345.6453
Email: chris.smith@huschblackwell.com
        randall.thompson@huschblackwell.com
        scott.meyers@huschblackwell.com
        eli.sullivan@huschblackwell.com

9

**FISHER & PHILLIPS LLP**

Christopher Stief (PA #72505) *pro hac vice*
Risa Boerner (PA #76427) *pro hac vice*
Gabrielle Giombetti (PA #321118) *pro hac vice*
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
Phone: 610.230.2132
Email: cstief@fisherphillips.com
       rboerner@fisherphillips.com
       ggiombetti@fisherphillips.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st day of November 2024 the foregoing was filed electronically with the Clerk of Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Randy Thompson*